UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JAMES GALLAGHER,**

    **Plaintiff,**

v.                      **CASE NO.:**

**SWFL TRANSPORTATION GROUP, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES GALLAGHER, by and through the undersigned counsel, brings this action against Defendant, SWFL TRANSPORTATION GROUP, INC., and in support states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Charlotte County, Florida.

## **PARTIES**

4. Plaintiff is a resident of Charlotte County, Florida.

5. Defendant operates a taxi company in Punta Gorda in Charlotte County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

16. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

17. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

## FACTS

18. Plaintiff began working for Defendant as a driver in February 2021, and he worked in this capacity until September 2021.

19. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for his overtime hours at a rate equal to one and one-half times his regular hourly rate.

20. Defendant failed to pay Plaintiff an overtime premium for all of his overtime hours, in violation of the FLSA.

21. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

22. During his employment with Defendant, Plaintiff objected to practices of Defendant that Plaintiff had a good faith, reasonable belief were violations of and/or were actual violations of various laws, rules, and regulations.

23. Specifically, Plaintiff reported and expressed his concerns to Defendant over Defendant allowing unlicensed drivers to drive taxis.

24. From February 2021 until the termination of his employment, Plaintiff repeatedly reported his objections to Defendant's violations of various laws, rules, and regulations to Defendant.

25. On or about September 28, 2021, Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating Plaintiff's employment.

## COUNT I – FLSA OVERTIME VIOLATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)    Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c)    An amount equal to Plaintiff's overtime damages as liquidated damages;

    d)    To the extent that liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – RETALIATION UNDER THE FPWA

30.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

31.    Plaintiff opposed and refused to participate in Defendant's violation various laws, rules, and regulations, thereby engaging in protected activity under the FPWA.

32.    Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating his employment.

33.    Plaintiff was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d) Any other compensatory damages allowable at law;

e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of May, 2022.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**

6